## DEN EX DEM. PHILLIPS v. PHILLIPS.

1. An order for particulars may be obtained in ejectment when necessary, as in other actions.

2. When the declaration is general, and the defendant is in doubt for what the plaintiff means to proceed, the latter may be compelled by rule to specify the premises sought to be recovered.

In Ejectment.    Before Justices NEVIUS and CARPENTER.

*C. S. Green*, for the defendant, moved for a rule requiring the lessor of the plaintiff to deliver a particular of the premises for which the ejectment was brought, stating that the ejectment was general, and that the defendant was in doubt what part of the premises in his possession was sought to be recovered. He asked that the defendant might then have such time to join in the consent rule, after the delivery of such particular, as the court might see fit to specify. He cited a similar rule granted in this court in October Term, 1847, and 7 *T. R.* 332 ; 2 *Arch. Pr.* 52, (*Ed.* 1838.)

*J. S. Green*, contra, urged that the rule was unnecessary since the adoption of the general rule under which the defendant specifies in the consent rule for what he defends.

CARPENTER, J. This order, when necessary, may be obtained as well in ejectment as in other actions. In this State, as in England, the defendant is now required by a general rule to specify in the consent rule for what premises he intends to defend, and to consent in said rule to confess upon the trial possession of the premises so specified. It was long since established, the declaration being general, that if the defendant had any doubt what lands the lessor of the plaintiff meant to proceed for, the lessor might be required to specify them. So on the other hand the defendant might be required to specify what he intended to defend for, when not ascertained by the consent rule. *Doe d. Saunders* v. *Newcastle*, 7 *T. R.* 332 *note.* A special order requiring the defendant to specify, is now generally unnecessary under the operation of the general rule. It may be, however, that under that general rule the defendant cannot safely join in the consent rule until he has ascertained what the lessor of the plaintiff seeks to recover, and the first rule is therefore still equally necessary. The order therefore is a matter of frequent practice. *Doe d. Winnall* v. *Broad*, 2 *M. & G.* 523 ; *Doe d. Roberts* v. *Roe*, 13 *M. & W.* 691 ; *Bagley's Prac.* 201 (*Law Lib.*)

Let the lessor of the plaintiff deliver a particular of the premises for which he proceeds, and the defendant have twenty days thereafter to join in the consent rule.

NEVIUS, J. concurred.